In re FERRAND.

(District Court, E. D. Louisiana, New Orleans Division. March 9, 1920.)

No. 2401.

BANKRUPTCY ⬛➡123—SECURED CREDITORS NOT ENTITLED TO VOTE FOR TRUSTEE.
Furnishers of materials to a bankrupt building contractor, who had served attested accounts on owners of buildings under construction, which under the laws of the state effects an attachment on any money then or subsequently due the contractor, *held* secured creditors within Bankruptcy Act, § 1(23), Comp. St. § 9585, and not entitled to vote for trustee, in the absence of proof that no money was due or became due to which their lien could attach.

In Bankruptcy. In the matter of Michel Edward Ferrand, bankrupt. On review of order disallowing vote of certain creditors for trustee. Affirmed.

E. M. Stafford and Daniel Wendling, both of New Orleans, La., for certain lien creditors.

FOSTER, District Judge. This is a petition for review of an order of the referee disallowing the vote of certain creditors in an election for trustee on the ground that the claims were secured.

The bankrupt was a builder engaged on several jobs when adjudicated bankrupt. The complaining creditors were furnishers of materials. They had served attested accounts on the owners, had recorded their claims, and were also protected by surety bonds under the provisions of the Louisiana law. Act No. 262 of 1916. They filed their claims on the form prescribed for secured claims, but contended at the election that they were not secured creditors, within the meaning of section 1, clause 23, of the Bankruptcy Act (Comp. St. § 9585), in that neither they nor the surety had any lien on the bankrupt's property.

Under the law of Louisiana, the filing of an attested account with the owner effects an attachment of any money then or subsequently due the contractor (C. C. art. 2772), and the surety paying the materialman is subrogated to his rights (C. C. art. 3053).

If there was anything then due, or thereafter due, to the bankrupt by the owners upon whom the attested accounts were served, of course the claims were secured by a lien on the bankrupt's property, and the referee was right in excluding them from voting for trustee. If such was not the case, the position of the creditors seeking a review herein is correct; but the burden was on them to show the facts. No such condition is disclosed by the record, which purports to contain a stenographic copy of the proceedings before the referee.

The order of the referee is affirmed.